Kit M. Stetina (SBN 82,977)
Stephen Z. Vegh (SBN 174,713)
STETINA BRUNDA GARRED & BRUCKER
75 Enterprise, Suite 250
Aliso Viejo, CA 92656
Email: litigate@stetinalaw.com
Tel: (949) 855-1246
Fax: (949) 855-6371

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOW PAGES MEDIA, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>YELLOW PAGES MEDIA, a Nevada business entity, unknown form, and DOES 1 THROUGH 10<br><br>　　　　Defendant. | Case No. 8:14-cv-1999<br><br>**COMPLAINT FOR**<br><br>**1. TRADE MARK INFRINGEMENT**<br>**2. FEDERAL UNFAIR COMPETITION**<br>**3. TRADEMARK DILUTION**<br>**4. TRADE NAME INFRINGEMENT**<br>**5. COMMON LAW UNFAIR COMPETITION**<br>**6. COMMON LAW TRADE NAME INFRINGEMENT**<br>**7. COMMON LAW MISAPPROPRIATION**<br>**8. UNJUST ENRICHMENT AND IMPOSITION OF CONSTRUCTIVE TRUST**<br>**9. INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

Plaintiff Yellow Pages Media, Inc., a California corporation, alleges and states as follows:

1. Plaintiff, Yellow Pages Media, Inc. (hereinafter "Plaintiff"), is a California corporation having a principal place of business at 18400 Von Karman Avenue, Suite 200, Irvine, California 92612.

2. Plaintiff is informed and believes that Defendant Yellow Pages Media (hereinafter "Defendant") is a Nevada business entity of unknown form having a principal place of business at 848 N. Rainbow Blvd. #5257, Las Vegas, Nevada 89107.

3. Plaintiff is further informed and believes that Defendant and/or its principals, officers, representatives, and/or agents design, own, and operate a website with the domain name www.theyellowpagesmedia.com (hereinafter "the Website").

4. The true names and capacities, whether individual, corporate, associate, or otherwise of DOES 1-10, inclusive, are unknown to Plaintiff, who therefore sues said DOES 1-10 by such fictitious names. Plaintiff will seek leave of this Court to amend this Complaint to include their proper names and capacities when the same has been ascertained.

5. Plaintiff is informed and believes, and on that basis alleges, that Defendant and each fictitiously named Defendant participated in and is in some manner responsible for the acts described in this Complaint and the damage resulting therefrom.

6. Plaintiff is informed and believes, and on that basis alleges, that Defendant and each fictitiously named Defendant has acted in concert and participation with each other concerning each of the claims in this Complaint.

7. Defendants' concerted actions and participation concerning these claims constitutes a conspiracy to unfairly compete with Plaintiff and to violate Plaintiff's rights as alleged herein.

8. Plaintiff is informed and believes, and on that basis alleges, that Defendant and each fictitiously named Defendant were empowered to act as the agent, servant and/or employee of each of the other Defendants, and that all of the acts alleged to have been done by each of them were authorized, approved and/or ratified by each of the other Defendants.

## JURISDICTION AND VENUE

9. This Court has jurisdiction of the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338, and 28 U.S.C. § 1367, and this Court has jurisdiction over the persons of the Defendant, as said Defendant is engaging in the activities complained of herein in this District, and elsewhere.

10. Venue is proper in this district pursuant to 28 U.S.C. §1391.

## BACKGROUND OF THE CONTROVERSY

11. Plaintiff is extensively engaged in the business of offering marketing research and ad placement services in yellow page telephone directories as well as all types of online/digital media and provides consultation services relating thereto, in intrastate, interstate and international commerce. In connection therewith, Plaintiff uses and has previously used in interstate commerce and in the State of California the trademark YPM YELLOW PAGES MEDIA in connection with its services for marketing research and ad placements in yellow page telephone directories and consultations with others relating thereto. Plaintiff also uses in interstate commerce and in the State of California the trademarks YPM Print.Online.Search, YPM.Net Online Client Services, and @YPM in connection with its marketing research, ad placement, and consulting services.

12. The United States Patent and Trademark Office on October 9, 2001 granted a federal trademark registration to Plaintiff for the trademark "YPM YELLOW PAGES MEDIA" for marketing research and placements of advertisements for others in yellow page telephone directories and consultations relating thereto as Registration No. 2,496,869. A copy of such trademark registration

is attached as Exhibit "1."

13. Plaintiff has used and continues to use the trademark YPM YELLOW PAGES MEDIA in connection with marketing research and placements of advertisements for others in yellow page telephone directories and consultations relating thereto since at least as early as August of 1999, having filed its application for trademark on June 25, 1999. Long prior to this time, Plaintiff used the marks YPM and YELLOW PAGES MEDIA individually in intrastate and interstate commerce in connection with its marketing research and ad placement service.

14. The United States Patent and Trademark Office on December 13, 2005 granted a federal trademark registration to Plaintiff for the trademark "YPM.Net Online Client Services" for marketing services namely placement of advertisement for others in yellow page telephone directories as Registration No. 3,030,651. A copy of such trademark registration is attached as Exhibit "2".

15. Plaintiff has used and continues to use the trademark YPM.Net Online Client Services in connection with marketing services namely placement of advertisement for others in yellow page telephone directories since at least as early as June of 2004, having filed its application for trademark on June 16, 2004. Plaintiff's YPM.Net Online Client Services trademark registration is incontestable.

16. The United States Patent and Trademark Office on June 17, 2008 granted a federal trademark registration to Plaintiff for the trademark "YPM Print.Online.Search" for marketing research and placements of advertisements for others in yellow page telephone directories and consultations relating thereto as Registration No. 3,450,420. A copy of such trademark registration is attached as Exhibit "3."

17. Plaintiff has used and continues to use the trademark YPM Print.Online.Search in connection with marketing research and placements of advertisements for others in yellow page telephone directories and consultations relating thereto since at least as early as January of 2007, having filed its application

for trademark on March 1, 2007. Plaintiff's YPM Print.Online.Search trademark registration is incontestable.

18. The United States Patent and Trademark Office on August 13, 2002 granted a federal trademark registration to Plaintiff for the trademark "@YPM" for marketing research and placements of advertisements for others in yellow page telephone directories and consultations relating thereto as Registration No. 2,607,879. A copy of such trademark registration is attached as Exhibit "4."

19. Plaintiff has used and continues to use the trademark "@YPM" in connection with marketing research and placements of advertisements for others in yellow page telephone directories and consultations relating thereto since at least as early as January of 2002, having filed its registration for trademark on August 16, 1999. Plaintiff's @YPM trademark registration is incontestable.

20. Plaintiff's YPM YELLOW PAGES MEDIA, YPM Print.Online.Search,YPM.Net Online Client Services, and @YPM , YPM, and YELLOW PAGES MEDIA marks shall collectively be referred to herein as "Plaintiff's Marks."

21. Plaintiff has expended substantial sums of money advertising and promoting its services under Plaintiff's Marks, including at Plaintiff's Website, www.ypm.com. A printout from Plaintiff's Website is attached hereto as Exhibit "5".

22. Plaintiff also owns and operates a second website, www.yellowpagesmedia.com, which links to Plaintiff's Website www.ypm.com.

23. As a consequence of Plaintiff's advertising and use of Plaintiff's Marks, these marks have developed secondary meaning identifying the business operated by Plaintiff.

24. Upon information and belief, Exhibit "6" is a print out of search engine results and Network Solutions' WHOIS results for Defendant's website www.theyellowpagesmedia.com (hereinafter "Defendant's Website") promoting

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

Defendants' business directory and listing products and services under the designation "The Yellow Pages Media".

25. Upon information and belief, Defendants have marketed, promoted, and advertised for and provided products and services to prospective business advertisers under Defendant's Website and the designation "THE YELLOW PAGES MEDIA".

26. Upon information and belief, Defendant has amongst others engaged in an aggressive telemarketing and internet solicitation campaign for its business directory and listing products and services under "THE YELLOW PAGES MEDIA" designation to prospective customers throughout the United States, including in this judicial district. Upon further information and belief, Defendant contacts a potential customer in an attempt to strong arm them into agreeing to sign up for advertising and listing services through The Yellow Pages Media. This has resulted in several instances of actual confusion by the public that some sponsorship or affiliation exists between Plaintiff and Defendant, and between the services offered by Plaintiff and those offered by Defendant under THE YELLOW PAGES MEDIA designation and Defendant's Website. These consistently recurring instances of actual confusion have been highly disruptive of Plaintiff's business and its reputation.

27. Defendant's customers are those who would like to utilize business directory and listing products and services under "THE YELLOW PAGES MEDIA" designation, which is substantially similar if not identical to the marketing research, ad placement, and consultation services offered by Plaintiff under Plaintiff's Marks.

28. Upon information and belief, prior to marketing products and services under the designation "THE YELLOW PAGES MEDIA", Defendant is believed to have learned that Plaintiff offered marketing research, ad placement, and consulting services for others relating to yellow page telephone directories and other online/digital media consultations.

29. Upon information and belief, despite Defendant's knowledge of Plaintiff's prior use of Plaintiff's Marks in conjunction with the promotion and sale of

advertising services on its website www.ypm.com and its linkage through www.yellowpagesmedia.com, Defendant willfully adopted the designation "THE YELLOW PAGES MEDIA" for similar if not identical services on Defendant's Website.

30. Defendant's use of the term THE YELLOW PAGES MEDIA as applied to its business directory and listing products and services to prospective Yellow Pages business advertisers also creates a likelihood that a false association will continue to be made between the services marketed by Defendant and those of Plaintiff, and the trade and purchasing public are likely to continue to be confused and believe that services marketed by Defendant under the designation "THE YELLOW PAGES MEDIA" is in some manner connected with, produced by or sponsored by Plaintiff.

31. In view of the strong similarities between Plaintiff's Marks and Plaintiff's Websites www.ypm.com and www.yellowpagesmedia.com, and Defendant's designation "THE YELLOW PAGES MEDIA" and the www.theyellowpagemedia.com Website used by the Defendant, and particularly in view of the related nature of the uses thereof (i.e., in connection with the sale of substantially the same advertising service), Defendant's use of the designation "THE YELLOW PAGES MEDIA" ,"YP MEDIA", and/or "YELLOWPAGES MEDIA" constitutes and comprises a matter which may disparage and falsely suggest a connection between Defendant's services and THAT OF Plaintiff.

32. Defendants' continued use of the designation "THE YELLOW PAGES MEDIA" constitutes misrepresentation of source of the products and services offered in connection therewith and falsely suggests an association between the services of Defendant and Plaintiff, which false suggestion was known to and intentionally fostered by Defendant for its commercial benefit.

## COUNT I

## TRADEMARK INFRINGEMENT

33. The allegations of Paragraphs 1-32 are repeated and realleged as if fully

set forth herein.

34. This cause of action arises under the Federal Trademark Act (15 U.S.C. §§ 1051-1127) and is for trademark infringement involving the Defendant's use in commerce of the designation THE YELLOW PAGES MEDIA in the marketing and offering of business directory and listing products and services to prospective Yellow Pages advertisers, which is an infringement of Plaintiff's registered trademarks YPM YELLOW PAGES MEDIA, YPM Print.Online.Search, YPM.Net Online Client Services, and @YPM in violation of 15 U.S.C. § 1114(1).

35. The "THE YELLOW PAGES MEDIA" designation used by Defendant as a source identifier is so similar to Plaintiff's federally registered YPM YELLOW PAGES MEDIA, YPM Print.Online.Search, YPM.Net Online Client Services, and @YPM marks as to be likely to cause consumer confusion, deception and mistake.

36. On information and belief, Defendant's adoption and trademark usage of the designation "THE YELLOW PAGES MEDIA" is the result of willful copying by the Defendant of Plaintiff's Marks.

37. Upon information and belief, by their acts herein complained of, Defendant has made substantial profits to which they are not equitably entitled.

38. By the aforementioned acts herein complained of, Plaintiff has suffered great detriment in a sum which cannot be ascertained at this time.

39. Defendants threaten to, and unless restrained, continue the acts complained of herein, all to Plaintiff's irreparable damage, and it will be extremely difficult to ascertain the amount of compensation which could afford Plaintiff adequate relief.

## COUNT II

## FEDERAL UNFAIR COMPETITION

40. The allegations of Paragraphs 1-39 are repeated and realleged as if fully set forth herein.

41. This is a cause of action for federal unfair competition, arising under the

Federal Trademark Act (15 U.S.C. § 1051-1127), specifically 15 U.S.C. § 1125(a).

42. As herein before alleged, Defendant has unfairly interfered with and damaged Plaintiff's rights in and to Plaintiff's Marks, and in the business and goodwill of Plaintiff conducted under and in connection with Plaintiff's Marks, thus Defendant is engaging in unfair competition.

43. Upon information and belief, Defendant's use of the designation "THE YELLOW PAGES MEDIA" which is confusingly similar to Plaintiff's Marks has resulted in and continues to result in numerous instances of actual confusion by the public, is being done with willful and fraudulent purpose and with the intent of misappropriating and trading upon Plaintiff's goodwill and reputation.

44. Upon information and belief, Defendant did the things herein alleged with the intent to injure Plaintiff and its business with conscious disregard of Plaintiff's rights and with the intent to vex, injure and annoy Plaintiff.

45. Upon information and belief, by their acts herein complained of, Defendant has made substantial profits to which they are not equitably entitled.

46. By the aforementioned acts herein complained of, Plaintiff has suffered great detriment in a sum which cannot be ascertained at this time.

47. Defendants threaten to, and unless restrained, will continue the acts complained of herein, all to Plaintiff's irreparable damage, and it will be extremely difficult to ascertain the amount of compensation which would afford Plaintiff adequate relief.

## COUNT III
## TRADEMARK DILUTION

48. The allegations of Paragraphs 1-47 are repeated and realleged as if fully set forth herein.

49. This is a cause of action for federal trademark dilution, arising under the Federal Trademark Act (15 U.S.C. § 1125(c)).

50. Plaintiff's Marks and the Websites www.ypm.com and

www.yellowpagesmedia.com are famous in connection with the services of marketing research and placements of advertisements for others in yellow page telephone directories and consultations relating thereto and have been famous since long prior to the acts and activities of Defendant complained of herein.

51. The use by Defendants of "THE YELLOW PAGES MEDIA" and Defemdant's Website, www.theyellowpagesmedia.com as a mark and name and component of a mark and name in connection with, inter alia, marketing and offering of services to prospective advertisers who would like to advertise in the Yellow Pages business directory, dilutes the distinctiveness of the Plaintiff's Marks and trade names of Plaintiff.

52. To the extent that Defendant renders services to prospective customers who would like to advertise in the Yellow Pages directory, Defendant's use of "THE YELLOW PAGES MEDIA" as a mark and/or trade name and component of a mark and trade name tarnishes Plaintiff's Marks and name.

53. The acts and activities of Defendants complained of herein accordingly constitute trademark dilution in violation of 15 U.S.C. § 1125(c).

54. Plaintiff has no adequate remedy at law. The acts and activities of Defendants complained of herein irreparably injure Plaintiff.

## COUNT IV
## TRADE NAME INFRINGEMENT

55. The allegations of Paragraphs 1-54 are repeated and realleged as if fully set forth herein.

56. Plaintiff's Marks have also served as trade names for Plaintiff long prior to Defendant's adoption and use of their "THE YELLOW PAGES MEDIA" mark and/or name. Plaintiff is informed and believes that it is and always has been the sole and exclusive owner of Plaintiff's Marks and trade names.

57. Plaintiff is informed and believes that its use of Plaintiff's Marks and trade names has been exclusive and continuous.

58. Plaintiff has expended significant time, money and effort to establish public recognition of Plaintiff's Marks and trade names with consumers seeking services of marketing research and placements of advertisements in yellow page telephone directories, and consultations relating thereto. Plaintiff's marks and trade names have acquired "secondary meaning" amongst such consumers in both interstate and intrastate commerce.

59. Defendant has used copies, and/or substantially and confusingly similar variations of Plaintiff's trade names in interstate commerce without the consent of the Plaintiff, and the use of Defendant's Websites, www.theyellowpagesmedia.com as a mark and name and component of a mark and name in connection with, inter alia, marketing and offering of business directory and listing products and services to prospective Yellow Pages business advertisers, has caused and continues to cause actual confusion, mistake and deception in the minds of the public.

60. By selling business directory and listing products and services using substantially and confusingly similar variations of Plaintiff's trade name or actual reproduction of its trade name, the Defendant has imitated and infringed the Plaintiff's trade names in interstate commerce and has violated the Lanham Act, 15 U.S.C. §1125(a).

61. Upon information and belief, by its acts herein complained of, Defendant has made substantial profits to which it is not equitably entitled.

62. By reason of the foregoing, Plaintiff has been injured in an amount not yet ascertained and is entitled to the remedies provided for in 15 U.S.C. §1116, et seq., including but not limited to treble damages, attorney's fees and injunctive relief.

63. Defendant in performing the conduct complained of herein, acted willfully and with intent to injure Plaintiff. Defendant is therefore guilty of malice and oppression and conscious disregard of Plaintiff's rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendant and others from engaging in similar misconduct.

64. Defendant threatens to, and unless restrained will, continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages could not afford adequate relief, and that said damages would not adequately compensate for the injury to Plaintiff's business reputation, good will, and customer base, and Defendant's conduct if allowed to continue, would inevitably result in damage to Plaintiff's business. Accordingly, Plaintiff seeks injunctive relief against Defendant for its misconduct.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

65. The allegations of Paragraphs 1-65 are repeated and realleged as if fully set forth herein.

66. Defendants have unlawfully, unfairly and deceptively engaged in a pattern of conduct whereby it has used without the consent of Plaintiff, the confusingly similar variation of Plaintiff's trademarks and trade names associated with Plaintiff's marketing research and ad placement business. Defendant has unlawfully and unfairly taken the various intellectual and tangible properties of Plaintiff which are the results of Plaintiff's organization and expenditures of labor, skill, time and money. Defendant in appropriating these tangible and intellectual properties of Plaintiff, are "endeavoring to reap what they have not sown" and Defendant seeks to enjoy the "benefits of a good without having invested the time, money and effort of creating it."

67. Plaintiff's use of its service marks and trade names have been exclusive and continuous long prior to the adoption and use by Defendants of their "THE YELLOW PAGES MEDIA" mark. Plaintiff has expended enormous amounts of time, effort and money promoting its marketing research and ad placement services through use of Plaintiff's Marks and trade names such that the relevant consuming public has come to associate Plaintiff's Marks and names with Plaintiff or with Plaintiff's marketing research and ad placement services such that Plaintiff's service

marks and trade names have acquired "secondary meaning."

68. Defendants have by unlawful, unfair and deceptive practices, represented and advertised its business directory and listing products and services to prospective Yellow Pages advertisers in a manner and location so as to cause continuing confusion as to source, and as a consequence intentionally taken the customers of Plaintiff from Plaintiff's own marketing research and ad placement business.

69. By reason of the acts of Defendant complained of herein, Plaintiff is entitled to an injunction against Defendants.

70. Defendant in performing the conduct complained of herein acted willfully and with intent to cause injury to Plaintiff. Defendant is therefore guilty of malice and oppression in conscious disregard of Plaintiff's rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendant and deter others in engaging in similar misconduct.

71. Defendant threatens to, and unless restrained will, continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer a great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, good will, and customer base, and Defendant's conduct, if allowed to continue, would inevitably result in damage to Plaintiff's business. Accordingly, Plaintiff seeks injunctive relief against Defendant for its misconduct.

## COUNT VI
## COMMON LAW TRADE NAME INFRINGEMENT

72. The allegations of Paragraphs 1-71 are repeated and realleged as if fully set forth herein.

73. Defendant's use of copies or of substantially and confusingly similar variations of Plaintiff's trade names in interstate commerce without the consent of the Plaintiff, for the purpose of selling infringing business directory and listing products

and services to prospective Yellow Page advertisers has caused and continues to cause confusion, mistake and deception in the minds of the public in violation of the common law.

74. Plaintiff's use of its trade name has been exclusive and continuous since long prior to Defendants' adoption and use of the "THE YELLOW PAGES MEDIA" mark. Plaintiff has expended enormous amounts of time, effort and money promoting its marketing research and ad placement services through use of its trade names such that the relevant consuming public has come to associate Plaintiff's trade names with Plaintiff or with Plaintiff's marketing research and ad placement services such that Plaintiff's trade names have acquired "secondary meaning."

75. By promoting its ad design and ad placement services using substantially and confusingly similar variations of Plaintiff's trade names or actual reproduction of the trade names, Defendant has imitated and infringed the Plaintiff's trade names in intrastate and interstate commerce and have violated the Lanham Act, 15 U.S.C. §1125(a).

76. By reason of the acts of Defendant complained of herein, Plaintiff is entitled to an injunction against Defendant.

77. Defendant in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff. Defendant is therefore guilty of malice and oppression in conscious disregard of Plaintiff's rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendant and deter others in engaging in similar misconduct.

78. Defendant threatens to, and unless restrained will, continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, good will, and customer base, and Defendant's conduct, if allowed to continue, would inevitably result in damage to Plaintiff's business. Accordingly,

Plaintiff seeks injunctive relief against Defendant for its misconduct.

## COUNT VII

## COMMON LAW MISAPPROPRIATION

79. The allegations of Paragraphs 1-78 are repeated and realleged as if fully set forth herein.

80. Plaintiff invested substantial time, skill, and money in developing its intellectual property, namely, its service marks and trade names associated with its marketing research and ad placement services.

81. Defendant has improperly appropriated and used Plaintiff's property, namely, using substantially and confusingly similar marks and their Website www.theyellowpagemedia.com as well as advertising their business in a manner which is confusingly and substantially similar if not identical to Plaintiff's marketing research and ad placement business. Therefore, Defendant has appropriated and is using Plaintiff's Marks and trade names at little or no cost to the Defendant.

82. Defendant's appropriation and use of Plaintiff's property is without the authorization or consent of Plaintiff.

83. As a direct and proximate result of Defendant's unlawful conduct described herein, Plaintiff has been damaged and injured in an amount which is unascertainable at this time but which will be proven at trial.

84. Defendant's actions are still ongoing and if not enjoined, will cause irreparable harm to Plaintiff in that the Defendant's unrestrained conduct will damage Plaintiff's business, service marks, and trade names. Damages will be insufficient to compensate for such destruction of Plaintiff's business and therefore Plaintiff seeks immediate injunctive relief from this Honorable Court.

85. Defendant in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff. Defendant was therefore guilty of malice and oppression in conscious disregard of Plaintiff's rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish

Defendant and deter others in engaging in similar misconduct.

86. Defendant threatens to, and unless restrained will, continue to engage in the wrongful and illegal acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff's business reputation, good will, and customer base. Accordingly, Plaintiff seeks injunctive relief against Defendant for its misconduct.

## COUNT VIII

## UNJUST ENRICHMENT AND IMPOSITION OF CONSTRUCTIVE TRUST

87. The allegations of Paragraphs 1-86 are repeated and realleged as if fully set forth herein.

88. By virtue of Defendant's unlawful and illegal acts described herein above, Defendant has become, and is becoming, and will become unjustly enriched at the expense of Plaintiff whereby revenues and profits properly belonging to Plaintiff have been diverted to the Defendant.

89. By virtue of Defendant's improper and illegal conduct, Defendant has possession of intellectual property, namely, funds, revenues and profits which rightfully belong to Plaintiff whereby virtue of Defendant's wrongful acts, Defendant holds such profited funds as a constructive trustee for the benefit of Plaintiff.

90. Accordingly, Plaintiff requests an order from this Court as follows:

A. Declaring that Defendant hold such property described above in trust for Plaintiff;

B. Declaring Plaintiff the owner of such property; and

C. Compelling Defendant to transfer, convey, or deliver all such property and funds to Plaintiff.

91. In doing the things herein alleged, Defendant acted willfully and with intent to cause injury to Plaintiff. Defendant is therefore guilty of malice and oppression and conscious disregard of Plaintiff's rights, thereby warranting an

assessment of punitive damages in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct.

92. Defendant threatens to, and unless restrained will, continue to engage in the wrongful and illegal acts described herein for which Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Plaintiff and Plaintiff's business reputation, good will, and customer base. Accordingly, Plaintiff seeks injunctive relief against Defendants for its misconduct.

## COUNT IX

### INJUNCTIVE RELIEF

93. The allegations of Paragraphs 1-92 are repeated and realleged as if fully set forth herein.

94. Defendant has been and continues to wrongfully and unlawfully infringe upon Plaintiff's rights relating to its service marks and trade names, as described herein above.

95. Upon information and belief, Defendant has amongst others engaged in an aggressive telemarketing and internet solicitation campaign for business directory and listing products and services under the "THE YELLOW PAGES MEDIA" designation to prospective customers throughout the United States, including in this judicial district. Upon further information and belief, Defendant contacts a potential customer in an attempt to strong arm them into agreeing to sign up for advertising and listing services through The Yellow Pages Media. This has resulted in several instances of actual confusion by the public that some sponsorship or affiliation exists between Plaintiff and Defendant, and between the services offered by Plaintiff and those offered by Defendant under these designations and Defendant's Website. These consistently recurring instances of actual confusion have been highly disruptive of Plaintiff's business and its reputation.

96. Defendant's wrongful conduct, unless and until enjoined and restrained

by an order of this Court, will cause great and irreparable injury to Plaintiff in that the monetary damages will not provide an adequate remedy at law since such injuries are likely to continue unless such actions are enjoined immediately. Otherwise, Plaintiff will suffer irreparable harm and injury whereby Plaintiff will suffer irreparable harm as it relates to its marketing research and ad placement business.

97. Accordingly, Plaintiff prays for a permanent injunction prohibiting Defendant from using Plaintiff's Marks and trade names or confusingly similar marks and names, as well as requiring Defendant to cease use of the domain name www.theyellowpagesmedia.com and to transfer it to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for judgment as follows:

1. That Defendant and each of them, their affiliates, employees, and all those acting in concert with them, be permanently enjoined from use of Plaintiff's Marks, "YELLOWPAGEMEDIA", "YP MEDIA", and "YELLOWPAGES MEDIA" or any phonetic equivalent or abbreviation thereof or any confusingly similar designation, as a mark or name or component of a mark or name, whether alone or in combination with other words or designs, in connection with the marketing and offering of business directory and listing products and services or related products and services to prospective advertisers.

2. That Defendant and each of them, their affiliates, employees, and all those acting in concert with them, be permanently enjoined from use of www.theyellowpagemedia.com or a confusingly similar designation as a domain name in connection with Defendant's services; from use of any other domain name or Website metatag that incorporates the words "yellowpagemedia" or a confusingly similar designation in connection with Defendant's services; and that Defendant transfer the domain name "www.theyellowpagesmedia.com" to Plaintiff within thirty (30) days of entry of Judgment.

3. That Plaintiff be awarded its damages sustained in consequence of

Defendant's willful acts of trademark infringement, unfair competition and dilution, trade name infringement, common law unfair competition, common law trade name infringement, common law misappropriation, unjust enrichment, imposition of constructive trust, and injunctive relief, as well as exemplary damages.

4. That Plaintiff be awarded its reasonable costs and attorneys' fees in connection with this action in consequence of Defendant's willful trademark infringement, unfair competition and dilution, trade name infringement, common law unfair competition, common law trade name infringement, common law misappropriation, unjust enrichment and imposition of constructive trust, and unjust enrichment and imposition of constructive trust pursuant to 15 U.S.C. § 1117;

5. That Plaintiff have such other and further relief as the Court shall deem just and proper.

Dated: December 16, 2014                STETINA BRUNDA GARRED & BRUCKER

By: /s/Stephen Z. Vegh
    Kit M. Stetina
    Stephen Z. Vegh
    Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff, YELLOW PAGES MEDIA, INC. hereby demands a jury trial in this action.

Dated:  December 16, 2014                STETINA BRUNDA GARRED & BRUCKER

                                         By: /s/Stephen Z. Vegh
                                             Kit M. Stetina
                                             Stephen Z. Vegh
                                             Attorneys for Plaintiff

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371